UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONNIE SMITH,

                    Plaintiff,

          -against-

VETERANS AFFAIRS HARBOR
HEALTHCARE SYSTEM; KENNETH
CATER, Chief of EMS, in official capacity;
AFGE LOCAL 2094; ENA THOMPSON-
JUDD, President, 2nd District, in official
capacity,

                    Defendants.

21-CV-1200 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this action *pro se*, alleging that the U.S. Department of Veterans Affairs

(VA) failed to process his claim for workers' compensation benefits for injuries he suffered in

2010 and 2014, while working at the VA Harbor Healthcare System (HHS). He also alleges that

the American Federation of Government Employees (AFGE) failed it duty of fair representation.

Plaintiff asserts claims against HHS and its Chief of Environmental Management

Services (EMS) under the Federal Employees Compensation ACT (FECA), 5 U.S.C. 8101 *et*

*seq*., and 42 U.S.C. § 1983, and he brings claims against the AFGE and Ena Judd-Thompson of

AFGE's District Two under Title I of the Labor Management Reporting and Disclosure Act

(LMRDA), and the Labor Management Relations Act (LMRA).

By order dated February 12, 2021, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below,

the Court dismisses Plaintiff's complaint with leave to replead within 30 days.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

In his complaint, Plaintiff Ronnie Smith makes the following allegations. In 2006, Plaintiff began working as a painter for the EMS unit of the VA, and at some point, he was assigned to HHS's Brooklyn Campus. (ECF 2 at 3.) Plaintiff asserts claims against HHS, the AFGE and certain of their employees for their "acts to deprive Plaintiff from obtaining workers' compensation benefits [for] on the job injuries he sustained on September 10, 2010, resulting in a twisted ankle, and second injury to lower back that occurred on July 24, 2014."[1] (*Id.* at 17.)

---

[1] Elsewhere in the complaint, Plaintiff describes his two work injuries as "the first injury (foot) that occurred on July 18, 2014, and the second injury (back), that occurred on July 24, 2014." (ECF 2 at 1.) The dates of events provided in the complaint are frequently inconsistent.

Plaintiff attaches to his complaint a letter to him from the U.S. Department of Labor, Office of Workers' Compensation Programs (OWCP) describing his two claims for benefits. (ECF 2-1 at 8.) According to that letter, first, Plaintiff twisted his ankle while walking in the parking lot on October 18, 2010, and he returned to work on October 25, 2010. (*Id.*; ECF 2-1 at 4.) The OWCP letter states that it granted Plaintiff an allowance for $1,500 for medical treatment, but he did not submit any medical bills, and eventually the claim was administratively closed. (*Id.*) The letter notes that Plaintiff contends in his 2016 letter to the OWCP, that he had returned to work early after his 2010 injury because "the VA refused to diligently process his claim." (*Id.*)

Second, in July 2014, Plaintiff injured his leg and foot while working at the Brooklyn HHS campus. (*Id.*) Plaintiff "vehemently den[ied] the VA's position that [he] failed to submit proper and timely documentation of the injuries [he] sustained." (*Id.*) The OWCP's 2016 letter further states that Plaintiff called the OWCP district office on September 4, 2014, and was told to "file a new claim through [his] employing agency" and that the OWCP had received his CA-1 form for the July 2014 injury on December 30, 2014.[2] (*Id.* at 9.) The OWCP wrote to Plaintiff on February 10, 2015, to advise him that his CA-1 form was illegible and the agency portion had not been completed. (*Id.*)

Plaintiff attaches to the complaint his letter to HHS dated July 18, 2015, in which he states that in 2014, he "submitted CA-1 forms to several of [his] immediate supervisors which [they] ignored, and they blatantly lied about [his] timely submission of [his] CA-1 forms." (ECF 2-2 at 10.) But Plaintiff also pleads additional facts contradicting these allegations. Plaintiff

---

[2] Plaintiff attaches a copy of the first page of the CA-1 notice for the July 24, 2014 injury, which he signed with the date August 22, 2014, and a witness signed and dated September 3, 2014. (ECF 2-1 at 2.)

alleges that he "failed to file a CA-1 form because Rey Bess, President of the AFGE Union failed

or neglected to direct plaintiff on the proper procedure to follow to file the CA-1 form[;] instead

Plaintiff, unknowing . . . of procedures to file workers compensation used his sick time for

approximately 2 weeks."[3] (ECF 2 at 18.)

A letter to Plaintiff from HHS dated January 30, 2015, warns him that in the past year, he

had been "on leave 52% of the time" and that unless his absences improved, it would "have no

recourse but to recommend [his] removal from federal service." (ECF 2-1 at 22-23.) By letter

dated April 1, 2015, HHS notified Plaintiff that he was considered absent without leave and

directed him to either submit documentation of his incapacity and request enrollment in the

Voluntary Leave Transfer Program, or to submit his resignation. (*Id.* at 25.) On June 29, 2015,

HHS notified Plaintiff of his proposed removal from his federal employment. (*Id.* at 27.)[4]

In 2016, apparently after his employment ended, Plaintiff wrote additional letters to the

OWCP, and on March 28, 2016, the OWCP again notified Plaintiff that it had never received the

employer's portion of the claim form. (*Id.* at 2.) The OWCP notes that, in response to its

February 2015 letter, Plaintiff did not file a legible and completed CA-1 form, but instead he

submitted to the OWCP copies of letters that he had written to HHS. (*Id.* at 9.) To assist Plaintiff,

the OWCP wrote to HHS on August 2, 2016, enclosing the agency portion of the form, but HHS

never responded.

---

[3] Plaintiff attaches to the complaint his letter dated July 2014, to Rey Bess of the AFGE. Plaintiff raises concerns about his work schedule and states that he "has been the victim of an extreme aggravated harassment by [a] female foreman" (ECF 2-1 at 32-33) but does not mention any of his physical injuries or his OWCP claim in the letter.

[4] In his IFP applications for prior suits filed in this Court, Plaintiff indicates variously that his employment with the VA ended on July 24, 2014, *Smith v. NYS Child Support Process Ctr.*, ECF 1:19-CV-9266, 1 (CM) (S.D.N.Y.), and December 30, 2014, *Smith v. NYC HRA*, ECF 1:15-CV-5061, 1 (LAP) (S.D.N.Y. filed June 29, 2015).

Years later, on November 25, 2018, Plaintiff wrote a letter addressed to Kenneth Carter, as Chief of EMS at HHS, requesting an update on the status of his OWCP claim, but Plaintiff received no response.[5] (ECF 2-1 at 30; ECF 2-2 at 2-3.) Later, on May 20, 2019, Plaintiff filed a grievance with HHS, arising from its alleged failure to process his 2014 workers' compensation claim. (*Id.*) On July 9, 2019, Plaintiff wrote to Ena Thompson-Judd, President of the Second District of the AFGE, seeking assistance with his May 2019 grievance in connection with his former employer's failure to process his 2014 claim. (ECF 2-1 at 29-30.)

Plaintiff sues HHS, its former Chief of EMS, Kenneth Carter, in his official capacity, the AFGE Local 2094, and Ena Thompson-Judd, President of the AFGE's Second District. Plaintiff seeks compensatory and punitive damages, and asks the Court to direct Defendants to process his 2014 workers' compensation claim, award him overdue workers' compensation benefits, and restore him to his prior position.

## DISCUSSION

### A.     Claims Against VA HHS and EMS Chief Carter

Sovereign immunity generally bars federal courts from hearing suits against the United States, including its agencies and employees acting in their official capacities, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). It is a

---

[5] Plaintiff sues this Defendant as "Cater" in the caption but elsewhere in the complaint refers to him as Carter. Carter is not currently Chief of EMS at the Brooklyn campus, and it is unclear if he was employed in that capacity in 2018.

plaintiff's burden to show that Congress waived sovereign immunity with respect to his claims. *Mitchell*, 463 U.S. at 212.

Plaintiff asserts claims against the VA HHS and former EMS Chief Carter in his official capacity in connection with the alleged failure to process Plaintiff's workers' compensation benefits applications for his 2010 and 2014 injuries. Plaintiff has not sought relief under any statute that waives sovereign immunity.[6] Because Plaintiff sues the VA HHS and Defendant Carter in his official capacity without identifying any basis for a waiver of sovereign immunity, Plaintiff's claims are barred by sovereign immunity and must be dismissed.

Because Plaintiff proceeds *pro se*, the Court considers whether it can liberally construe Plaintiff's allegations as a claim against Defendant Carter in his personal capacity under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[7] *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].")"; *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and

---

[6] The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, waives sovereign immunity for certain claims arising from the tortious conduct of federal government employees, but it does not waive the sovereign immunity of the United States for constitutional torts. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." ). Moreover, a tort claim under the FTCA must be presented in writing to the appropriate federal agency within two years after the claim accrues, or it is time-barred. 28 U.S.C. § 2401(b).

[7] The complaint cannot be construed as asserting *Bivens* claims against the VA HHS because such relief is not available against the United States or federal agencies. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* claim does not lie against a federal agency or against federal officials in their official capacities).

(2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).[8]

Plaintiff fails to plead any facts suggesting that Defendant Carter had any involvement in the processing (or failure to process) Plaintiff's 2010 or 2014 claims for workers' compensation benefits.[9] The only factual allegations about Carter are that "letters forwarded to defendant Kenneth Carter on October and November 2018, informing them that [the] OWCP has directed them to complete and return plaintiff's CA-1/CA-2 forms . . . for adjudication of those claims were ignored." (ECF 2 at 8.) Allegations that in 2018, Plaintiff sent Carter a letter inquiring about the status of Plaintiff's 2014 claim and did not receive any response do not state a claim that Defendant Carter violated Plaintiff's constitutional rights. Plaintiff thus fails to plead facts showing that Carter was personally involved in violating Plaintiff's constitutional rights.

Even if Plaintiff had sued Defendant Carter in his individual capacity and alleged that he personally played some role in the alleged failure to process Plaintiff's 2010 or 2014 workers' compensation benefits claims, any *Bivens* claim was time-barred when Plaintiff filed this complaint on February 10, 2021. Federal courts in New York apply a three-year statute of

---

[8] The Supreme Court has recognized *Bivens* claims in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an inmate's inadequate medical treatment, under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). The Supreme Court has made it clear that further expanding *Bivens* beyond these three contexts "is now a disfavored judicial activity," *id.* at 1857 (internal quotations omitted), but the Court assumes for purposes of this order that a *Bivens* claim could lie for the denial of due process or equal protection.

[9] Federal employees covered by the Civil Service Reform Act of 1978 (CSRA) may not directly raise constitutional claims under *Bivens* for adverse employment actions. This is because in enacting the CSRA, Congress "has clearly expressed its intent to preclude federal civil service personnel . . . from attempting to supplement statutory remedies . . . with separate suits at equity raising constitutional challenges to adverse employment decisions." *Dotson v. Griesa*, 398 F.3d 156, 182 (2d Cir. 2005); *Elgin v. Dep't of Treasury*, 567 U.S. 1 (2012).

limitations period to *Bivens* claims,[10] *see Chin v. Bowen*, 833 F.2d 21, 23–24 (2d Cir. 1987), and federal law governs the determination of when a claim accrues, *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998). Under federal law, claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

The Second Circuit explained *in Singleton v. City of New York*, 632 F.2d 185 (2d Cir. 1980), that:

> The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action. To permit him to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy would be to enable him to defeat the purpose of the time-bar, which is to preclude the resuscitation of stale claims.

*Id.* at 192; *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). At the latest as of 2016, Plaintiff was aware that the VA HHS deemed his claim untimely submitted and that it had not completed the CA-1 form. (ECF 2-1 at 9.) At that point, he was aware of both the basic facts of his injury and its cause, that is, the VA HHS's position regarding his workers' compensation benefits claim. Any claim against VA HHS's employees for failing to process Plaintiff's claim therefore accrued at the latest in 2016, and the three-year limitations period barred such a claim when Plaintiff filed this complaint in 2021.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading.

---

[10] Caselaw from actions brought under § 1983 may be used to address issues raised in *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2012) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

*See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted). Plaintiff's complaint was filed well-beyond the three year limitations period, and his allegations that he made new inquiries about his 2014 claim in 2018 cannot resuscitate his stale claim.

Plaintiff's complaint fails to state a claim under *Bivens* against any individual personally involved in failing to process his claim, and it appears that it would be futile to grant him leave to amend to replead such claims. Nevertheless, in an abundance of caution, the Court will hold this matter open on the docket for thirty days. If after reasonable investigation Plaintiff believes that he can state a claim that is consistent with this order and that is not time-barred, he may file an amended complaint within thirty days of this order.

## B.      Federal Employees Compensation Act Claims

Plaintiff invokes the Federal Employees Compensation Act (FECA), 5 U.S.C. 8101, but decisions of the Secretary of the DOL under the FECA are not subject to judicial review. *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage."). Plaintiff's claims under the FECA are therefore dismissed.

## C.      Claims Against Union

Plaintiff's claims against the AFGE and Thompson-Judd are brought under Title I of the Labor Management Reporting and Disclosure Act (LMRDA), and under the Labor Management Relations Act (LMRA). Title I of the LMRDA "was designed to guarantee every [union] member equal voting rights, rights of free speech and assembly, and a right to sue," with the goal of "ensuring that unions [are] democratically governed and responsive to the will of their

9

memberships." *Sheet Metal Workers' Int'l Ass'n v. Lynn*, 488 U.S. 347, 352 (1989); *see also United Steelworkers of Am. v. Sadlowski*, 457 U.S. 102, 109–12 (1982) (explaining that Title I delineates the rights of union members with respect to their union, and was intended as a bill of rights for union members).

Plaintiff's allegations against the union are conflicting and inconsistent. Plaintiff alleges that in 2014, he "failed to file a CA-1 form because Rey Bess, President of the AFGE Union failed or neglected to direct plaintiff on the proper procedure to follow to file the CA-1 form[;] instead Plaintiff, unknowing . . . of procedures to file workers compensation used his sick time for approximately 2 weeks." (ECF 2 at 18.) Plaintiff also "vehemently denies" that he failed to file a timely CA-1 form (ECF 2-1 at 8), and he alleges that he "submitted CA-1 forms to several of [his] immediate supervisors which [they] ignored, and they blatantly lied about [his] timely submission of [his] CA-1 forms." (ECF 2-2 at 10.)

In addition to his claims against AFGE President Bess, Plaintiff further alleges that on July 9, 2019, Plaintiff wrote to Ena Thompson-Judd, President of the Second District of the AFGE, seeking assistance with his May 2019 grievance challenging the failure to process his 2014 claim, but she did not respond. (ECF 2-1 at 29-30.) Plaintiff's allegations against the AFGE and Thompson-Judd do not implicate democratic union governance and thus do not arise under Title I of the LMDRA. The Court therefore dismisses Plaintiff's LMDRA claims against the AFGE and Thompson-Judd for failure to state a claim on which relief can be granted.

Plaintiff also invokes the LMRA, which creates a claim against the union for breach of the duty of fair representation. The statute of limitations for hybrid § 301 claims under the LMRA is six months from the date "when the employee knew or should have known of the breach of the duty of fair representation." *White v. White Rose Food*, 128 F.3d 110, 114 (2d Cir.

1997).[11] Any duty of fair representation claim that Plaintiff had against the AFGE or Thompson-Judd arose at the latest in 2019, when he contacted Thompson-Judd and therefore such claims were time-barred long before he filed this complaint in 2021. Plaintiff's claims under the LMRA against the AFGE and Thompson-Judd must therefore be dismissed as untimely.

## D.    Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although it appears unlikely that the defects in Plaintiff's complaint can be cured with an amendment, because Plaintiff proceeds *pro se*, the Court grant Plaintiff leave to amend his complaint. If Plaintiff chooses to file an amended complaint, the Court directs him to include facts showing the personal involvement of any defendant named in the amended complaint and any facts relating to the timeliness of his claims, such as facts supporting equitable tolling of the limitations periods.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

---

[11] In an action under § 301 of the LMRA, a plaintiff must establish both that the employer breached the collective bargaining agreement and that the union breached its duty of fair representation to the union members. *White v. White Rose Food,* 237 F.3d 174, 178 (2d Cir. 2001); *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 165 (1983) (holding that plaintiff may sue either the union or the employer, or both, but must allege violations on the part of both).

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915, is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff leave to file an amended complaint within 30 days and directs the Clerk of Court to hold this matter open on the docket for 30 days.

 If Plaintiff chooses to submit an amended complaint, Plaintiff must submit it to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-1200 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If

Plaintiff fails to comply within the time allowed, the Court will enter judgment dismissing this matter under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

SO ORDERED.

Dated:   March 12, 2021
         New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                     Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                   Zip Code

_____

Telephone Number                          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.