UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONNIE SMITH,

                Plaintiff,

-against-

VA HARBOR HEALTHCARE SYSTEM;
KENNETH CATER; ENA THOMPSON-
JUDD,

                Defendants.

21-CV-1200 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendants violated his rights in connection with his applications for worker's compensation benefits for work-related injuries that he suffered in 2010 and 2014, when he was a federal employee. By order dated March 12, 2021, the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted but permitted him to file an amended complaint within 30 days. Plaintiff filed an amended complaint, and the Court has reviewed it.[1] The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

---

[1] Because this action is subject to screening under 28 U.S.C. § 1915, no summons has yet issued.

also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Ronnie Smith brings this suit alleging that he suffered two injuries while employed at the United States Department of Veterans Affairs (VA) Harbor Healthcare System: (1) a sprained ankle, which kept him out of work from October 18-25, 2010, and (2) a leg, foot,

2

and back injury in July 2014. In his original complaint, Plaintiff included information indicating that on September 4, 2014, he called the United States Department of Labor, Office of Workers' Compensation Programs (OWCP), about the second injury and was told to "file a new claim through [his] employing agency." (ECF 2-1 at 9.) A letter from OWCP attached to the complaint explains that the OWCP received Plaintiff's CA-1 form for the July 2014 injury on December 30, 2014, and it notified him on February 10, 2015, that his CA-1 form was illegible and that the agency portion had not been completed. (*Id.*)

During this same period, beginning in 2015, the VA Harbor Healthcare System sent Plaintiff a series of letters about his proposed removal from federal employment.[2] In 2016, Plaintiff again corresponded with the OWCP about seeking workers' compensation benefits, though the OWCP noted in a letter that Plaintiff had never filed a legible and fully completed form. (*Id.* at 9.) It also appears that Plaintiff no longer worked at the VA Harbor Healthcare System at the time he renewed his efforts to obtain benefits.

By order dated March 12, 2021, the Court dismissed Plaintiff's complaint on the following grounds: (1) decisions of the Secretary of the U.S. Department of Labor under the Federal Employees Compensation Act (FECA), 5 U.S.C. 8101, are not subject to judicial review; (2) the VA Harbor Healthcare System enjoys sovereign immunity, and Plaintiff had not invoked any federal statute that abrogated its immunity; (3) the three-year limitations period for any *Bivens* claim had

---

[2] A letter to Plaintiff from Harbor Healthcare System dated January 30, 2015, warns him that in the past year, he had been "on leave 52% of the time" and that unless his absences improved, it would "have no recourse but to recommend [his] removal from federal service." (ECF 2-1 at 22-23.) By letter dated April 1, 2015, Harbor Healthcare System notified Plaintiff that he was considered absent without leave and directed him to either submit documentation of his incapacity and request enrollment in the Voluntary Leave Transfer Program, or to submit his resignation. (*Id.* at 25.) On June 29, 2015, Harbor Healthcare System notified Plaintiff of his proposed removal from his federal employment. (*Id.* at 27.)

expired when Plaintiff filed his original complaint in 2021, because such claims accrued, at the latest, in 2016, when Plaintiff was aware of both the basic facts of his injury and its cause; (4) Plaintiff failed to state a claim against the American Federation of Government Employees (AFGE) and Ena Judd-Thompson, President of the Local Chapter, under Title I of the Labor Management Reporting and Disclosure Act (LMRDA); and (5) the six-month limitations period for a claim against the union had expired before Plaintiff filed this suit against the AFGE and Judd. Although the Court dismissed Plaintiff's claims and held that it appeared unlikely that the complaint could be amended to cure its defects, the Court granted Plaintiff leave to do so and directed him to include, among other things, any facts relating to the timeliness of his claims, such as facts supporting equitable tolling of the limitations periods.

Plaintiff has now filed an amended complaint, in which he again names as defendants the VA Harbor Healthcare System; Kenneth Cater, described as Chief of Environmental Management Services (EMS) at the VA Harbor Healthcare System; and Judd, the AFGE's President for the Second District. (ECF 5.) Plaintiff's amended complaint continues to seek benefits based on his injuries in 2010 and 2014, and he styles his claims as arising under: (1) the FECA; (2) 42 U.S.C. § 1983; and (3) 5 U.S.C. § 7114, a provision of the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 7101 to 7135, which governs a labor organization's obligations in negotiating collective bargaining agreements on behalf of federal employees.

Plaintiff alleges that in October 2010, while walking through the parking lot to retrieve job materials at his work site in Brooklyn, New York, he stepped in a pothole and sprained his

ankle. The employee health unit took x-rays of Plaintiff's ankle, and he was sent home. (*Id.* at 5.)[3]

On July 24, 2014, Plaintiff had to move heavy wooden door beams to complete his work assignment, and he injured his back. Plaintiff went to the paint shop to report to the paint leader, George Martinez, that he wasn't feeling well and went home. The following day, Plaintiff went to the emergency room at the Joint Disease Hospital, and the doctor prescribed muscle relaxants and rest. (*Id.*) Plaintiff alleges that he "used his sick time to recover at home," and that no one "informed or directed him" to file for worker's compensation benefits. (*Id.* at 6.) Plaintiff "asked Rey Bess and other union officials to provide CA1 forms and was denied or ignored" and Plaintiff "had to download the CA1/CA2 forms from the internet and submi[t] the forms to the VA Hospital" on his own. (*Id.*) In the amended complaint, Plaintiff seeks reimbursement for "his vacation and sick time . . . and to have both injuries processed according to worker's compensation." (*Id.*) Plaintiff also seeks "to return back to work as soon as possible." (*Id.*)

## DISCUSSION

### A. Federal Employees Compensation Act Claims

As set forth in the Court's March 12, 2021 order, decisions of the Secretary of the DOL under the FECA are not subject to judicial review. *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary's determination of FECA coverage."). Plaintiff's claims under the FECA are therefore dismissed.

---

[3] Plaintiff attached to his initial complaint a letter from the OWCP stating that it had granted Plaintiff an allowance for $1,500 for medical treatment in connection with the 2010 injury, but he did not submit any medical bills, and eventually the claim was administratively closed. (ECF 2-1 at 4.)

5

**B.     Claims Under 5 U.S.C. § 7114 of the CSRA**

Plaintiff invokes 5 U.S.C. § 7114(a)(1), a provision of the CSRA that imposes on unions a duty of fair representation. Under section 7114(a), "a labor organization that has been accorded the exclusive right of representing employees in a designated unit 'is responsible for representing the interests of all employees in the unit it represents without discrimination and without regard to labor organization membership.'" *Karahalios v. Nat'l Fed'n of Fed. Employees, Local 1263*, 489 U.S. 527, 531(1989) (quoting 5 U.S.C. § 7114(a)(1)). Because a union's breach of its duty of fair representation qualifies as an "unfair labor practice" under the CSRA, claims for such a breach are within the exclusive jurisdiction of the Federal Labor Relations Authority (FLRA). *Id.* at 533 (holding that federal sector union members have no private right of action against their unions for breaches of the duty of fair representation; instead, "unfair labor practice complaints are adjudicated by the FLRA").[4] Thus, a federal employee concerned about a union's unfair labor practice must file a complaint with the FLRA before seeking judicial review; in addition, judicial review lies in the court of appeals – not the district court. *Id.* at 532–33 (under 5 U.S.C. § 7123(a), "persons aggrieved by a final FLRA order may seek review in the appropriate court of appeals").

Here, Plaintiff alleges that he "used his sick time to recove[r] from his ankle injury" in 2010, and "union official[s] [failed to] advise or direct plaintiff to file for workers compensation benefits to recover his sick time." (ECF 6 at 8.) He contends that under the collective bargaining agreement, union officials should have been automatically assigned to represent him and that the failure to do so was a breach of section 7114(a)(1). In connection with Plaintiff's injury in 2014,

---

[4] Section 7118(a)(4)(A) provides: "[N]o complaint shall be issued on any unfair labor practice which occurred more than 6 months before the filing of the charge with the [FLRA]."

6

Plaintiff states that he "sough[t] and requested union representation on the 2nd injury and was ignored which [is] a breach of the defendant AFGE "Duty to fair Representation pursuant to 5 USC Section 7114(a)(1)." (*Id.* at 9.)

Because Plaintiff is a federal employee, his remedy under the CSRA for redressing an unfair labor practice (or alleged breach of the duty of fair representation) by the local AFGE and its employees was to file a charge with the FLRA; generally, such charges must be filed within six months of the unfair practice. Review of an FLRA decision lies in the court of appeals, not the district court. This Court therefore lacks jurisdiction over Plaintiff's claims under section 7114(a) for breach of duty of fair representation and unfair labor practices.

### C. Claims Against VA Harbor Healthcare System

As the Court has previously notified Plaintiff, sovereign immunity generally bars federal courts from hearing suits against the United States, including its agencies and employees acting in their official capacities, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). It is a plaintiff's burden to show that Congress waived sovereign immunity with respect to his claims. *Mitchell*, 463 U.S. at 212.

Plaintiff asserts claims against the VA Harbor Healthcare Systems and Defendant Cater in his official capacity in connection with the agency's alleged failings in handling Plaintiff's workers' compensation benefits applications for his 2010 and 2014 injuries. But Plaintiff has not sought relief under any statute that waives sovereign immunity.[5] Because Plaintiff sues the VA

---

[5] The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80, waives sovereign immunity for certain claims arising from the tortious conduct of federal government employees,

7

Harbor Healthcare System and Defendant Cater in his official capacity without identifying any basis for a waiver of sovereign immunity, Plaintiff's claims are barred by sovereign immunity and are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.      Defendant Cater**

Plaintiff invokes 42 U.S.C. § 1983, apparently seeking to assert a claim against Defendant Cater in his individual capacity. As an initial matter, Plaintiff does not plead any facts in his amended complaint about what Defendant Cater personally did or failed to do that violated Plaintiff's rights. Moreover, section 1983 applies to individuals acting under color of state law, *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (a section 1983 claim requires allegations that a person acting under the color of state law, or a "state actor," caused the violation of a federal right), and Defendant Cater is described as a federal employee – not a state employee.

Section 1983 claims brought against a federal employee are generally construed as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].") But "the remedial scheme established by the CSRA precludes federal civil service employees from challenging adverse employment decisions through *Bivens* actions for money damages." *Dotson v. Griesa*, 398 F.3d 156, 168 (2d Cir. 2005).

Moreover, as set forth in the Court's prior order, any *Bivens* claim against Defendant Cater accrued at the latest in 2016, when Plaintiff was aware of both the basic facts of his injury

---

but it does not waive the sovereign immunity of the United States for constitutional torts. *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." ). Moreover, a tort claim under the FTCA must be presented in writing to the appropriate federal agency within two years after the claim accrues, or it is time-barred. 28 U.S.C. § 2401(b).

8

and its cause (that is, the agency's position regarding his worker's compensation claims), and any *Bivens* claim was therefore already barred by the three-year limitations period when Plaintiff filed this complaint in 2021. Plaintiff has not pleaded facts in his amended complaint suggesting any basis for equitable tolling of the limitations period. For all of these reasons, the Court therefore dismisses any claim that Plaintiff is asserting against Defendant Cater, whether brought under section 1983 or *Bivens*.

**E.     Leave To Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   July 2, 2021
         New York, New York

                                           _____
                                                  Louis L. Stanton
                                                     U.S.D.J.